IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. LONNIE J. PARKER )<br>5805 Trinity Hts )<br>Texarkana, AR 71854 )<br> ) Civ. No. 15-1063<br>Plaintiff, )<br> )<br>v. )<br> )<br>FEDERAL BUREAU OF INVESTIGATION )<br>935 Pennsylvania Ave., NW )<br>Washington, DC 20535 )<br> )<br>Defendant. )<br>_____ ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1. Plaintiff Dr. Lonnie J. Parker ("Plaintiff") brings this action to redress violations of the Freedom of Information Act (hereinafter "FOIA"), 5 U.S.C. § 552 *et. seq.*, by Defendant Federal Bureau of Investigation ("FBI") in responding to Plaintiff's January 22, 2014, January 23, 2014, and January 24, 2014 FOIA requests sent to FBI Field Offices in Minneapolis, Minnesota, and Rochester, Minnesota, and Little Rock, Arkansas, seeking to obtain all FBI records regarding himself from January 1, 1998 to January 31, 2006, in the possession or control of each of these FBI offices, including any archived or stored records responsive to these FOIA requests.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff Dr. Lonnie J. Parker, is an individual who resides in Texarkana, in Miller County, Arkansas.

5. Defendant Federal Bureau of Investigation is an agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conforms with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)©.

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant, and provides jurisdiction for federal court review.

11.  Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.  Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS FOR PLAINTIFF'S FOIA REQUEST CLAIM

13. On or about January 22, 2014, Plaintiff sent a FOIA request to the FBI's Minneapolis, Minnesota Field Office, seeking all records from that office listing Lonnie

Joseph Parker, or otherwise describing or discussing Mr. Parker, created or generated from January 1, 1998 to January 31, 2006, within any system of records in the possession or control of the FBI Minneapolis, Minnesota Field Office, including any archived or stored records responsive to this FOIA request.

14.  On or about January 23, 2014, Plaintiff sent a FOIA request to the FBI Rochester, Minnesota Field Office, seeking all records from that office listing Lonnie Joseph Parker, or otherwise describing or discussing Mr. Parker, created or generated from January 1, 1998 to January 31, 2006, within any system of records in the possession or control of the FBI Rochester, Minnesota Field Office, including any archived or stored records) responsive to this FOIA request.

15.  On or about January 24, 2014, Plaintiff sent a FOIA request to the FBI Little Rock, Arkansas Field Office, seeking all records from that office listing Lonnie Joseph Parker, or otherwise describing or discussing Mr. Parker, created or generated from January 1, 1998 to January 31, 2006, within any system of records in the possession or control of the FBI Little Rock, Arkansas Field Office, including any archived or stored records responsive to this FOIA request.

16.  On or about May 15, 2014, David M. Hardy, Section Chief of the FBI's, Record/Information Dissemination Section Records Management Division, issued a consolidated agency response and decision to Plaintiff's FOIA requests sent to the FBI's Minneapolis, Minnesota, Rochester, Minnesota, and Little Rock, Arkansas Field offices

described in paragraphs 13 - 15 above, providing Plaintiff with 37 pages of records responsive records to those FOIA requests with redactions, and withholding three pages of responsive records in their entirety.

17.  On or about July 10, 2014 Plaintiff, by and through his attorney, Daniel J. Stotter of Stotter & Associates LLC, submitted an administrative appeal to the United States Department of Justice, Office of Information Policy, challenging the FBI's May 15, 2014 decision described in paragraph 16 above.

18.  On or about February 11, 2015 the Department of Justice, Office of Information Policy issues a decision, responding to Plaintiff's July 10, 2014 administrative appeal, affirming the FBI's May 15, 2014 response to Plaintiff Parker's FBI FOIA requests.

## VII. CLAIM FOR RELIEF - VIOLATION OF FOIA

19.  Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 18 previously set forth herein.

20.  Defendant has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his FOIA request of January 22, 2014, January 23, 2014 and January 24, 2015 to the FBI described in paragraphs 13 - 15 above, and by failing to perform an adequate search for these FOIA requests reasonably calculated to locate all responsive records.

21. By failing to provide Plaintiff with all records responsive to his FOIA requests of January 22, 2014, January 23, 2014 and January 24, 2015, and by failing to perform an adequate search for these FOIA requests reasonably calculated to locate all responsive records, Defendant has denied Plaintiff's right to this information, as provided by law under the Freedom of Information Act.

22. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to be provided with the records that he has requested in his FOIA requests of January 22, 2014, January 23, 2014 and January 24, 2015 to the FBI.

23. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to his January 22, 2014, January 23, 2014 and January 24, 2015 FOIA requests to the FBI.

24. Plaintiff has fully exhausted all administrative remedies required by FOIA prior to seeking judicial review in this matter.

25. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

26. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant Federal Bureau of Investigation has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his January 22, 2014, January 23, 2014 and January 24, 2015 FOIA requests, and by failing to perform an adequate search responsive to these FOIA requests.

2.  Direct by injunction that Defendant Federal Bureau of Investigation perform an adequate search for responsive records, and provide Plaintiff with all non-exempt responsive records to his January 22, 2014, January 23, 2014 and January 24, 2015 FOIA requests to the FBI at issue in this action.

3.  Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4.  Provide such other relief as the Court deems just and proper.

DATED: This 7th day of July, 2015.

Respectfully submitted,

/S/
Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. L163
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net
**Attorney for Plaintiff**